**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-11539
Summary Calendar

RAYE ELLEN STILES,

Plaintiff-Appellant,

VERSUS

GTE SOUTHWEST INCORPORATED; GTE INCORPORATED, GTE CORPORATION,

Defendants-Appellees.

No. 96-11540
Summary Calendar

RAYE ELLEN STILES,

Plaintiff-Appellant,

VERSUS

GTE SOUTHWEST INCORPORATED; GTE INCORPORATED, KATHLEEN PALTER,

Defendants-Appellees.

No. 96-11541
Summary Calendar

RAYE ELLEN STILES,

Plaintiff-Appellant,

VERSUS

GTE SOUTHWEST INCORPORATED; GTE INCORPORATED,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(6:96-CV-018, 6:96-CV-019 & 6:96-CV-020)
September 5, 1997

---

Before DUHÉ, DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[1]

The appeals in the three captioned cases are hereby consolidated.

These three are but a very few of the numerous pro se cases Appellant has filed in the district court and appealed to this court. In each of these cases she moves to supplement the record on appeal and to file an amended opening brief after additional delay so that she may address the matters she wishes added to the record. Both motions are denied. We do, however, take judicial notice of the fact that, in each of these cases, Appellant has paid the sanctions ordered by the district court.

Appellant complains on appeal of orders issued by the magistrate judge, and the final order of the district court dismissing as frivolous her claims of racial discrimination against her employer, imposing sanctions for repeated frivolous filings,

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and instructing that her access to the district court be limited until her sanctions are paid. Our review of the record convinces us that the district court was not only correct and did not abuse his discretion, but that he was also exceedingly patient with Appellant's continued abuse of the courts. We find her appeals frivolous. We have warned her before about the continued filing of such appeals. Accordingly we dismiss these appeals as frivolous, impose a sanction of One Hundred Dollars in each case, and instruct the Clerk of this court to accept no further filings from Appellant in any matters until the sanctions are paid.

APPEALS CONSOLIDATED, MOTIONS DENIED, APPEALS DISMISSED AS FRIVOLOUS, SANCTIONS IMPOSED.